UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIA CARD SERVICES, N.A., ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANNE M. McCOMAS, ) <br> ) <br>   Defendant. ) <br> ) | Civil No. 10cv1178 L (RBB) <br><br> **ORDER GRANTING MOTION TO REMAND [doc. #12] and GRANTING ATTORNEYS' FEES IN THE AMOUNT OF $2,100.00** |

    Plaintiff moves to remand this action to the Superior Court for the State of California, County of San Diego. Defendant opposes the motion. For the reasons set forth below, the motion will be granted.

    The complaint was filed on March 11, 2010, and asserted two state law causes of action: account stated and open book account. On May 25, 2010, plaintiff filed a request for entry of default. The state court granted plaintiff's request for entry of default on May 28, 2010. On that same date, defendant filed a notice of removal and a counterclaim. Defendant argues removal is proper because her counterclaim raises a federal question. Diversity jurisdiction has not been invoked.

    Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal statutes are strictly construed against removal, and the burden is on the defendant to demonstrate that removal was

proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).  Whether removal is proper is "determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).  Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Vaden*, 129 S. Ct. at 1273.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

      The complaint's two causes of action arise solely under California law.   Defendant's allegations cannot establish federal question jurisdiction. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir.1985) (holding that a defendant's counterclaim presenting a federal question does not make a case removable).  Because there is no federal question presented on the face of plaintiff's complaint, the Court lacks federal question jurisdiction over this case and it must be remanded to state court.

      Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446-447 (9th Cir. 1992)).  The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "

      As addressed above, the law on this particular issue of removal jurisdiction is long settled:  a complaint that is based entirely on state law is not removable by virtue of anticipated

federal defenses or counterclaims. *See Louisville & Nashville R.R. Co., v. Motley*, 211 U.S. 149, 152 (1908) (holding that an anticipated defense may not be used to establish subject matter jurisdiction); *Takeda*, 765 F.2d at 821 ("[R]emovability cannot be created by defendant pleading a counterclaim presenting a federal question.") (citations omitted); accord SCHWARZER, TASHIMA & WAGSTAFFE, FEDERAL CIV. P. BEFORE TRIAL, § 1.121 at 2B-50 (TRG 2008).

Because the law on the issue presented is so clear and long standing, defendant had no objectively reasonable basis for seeking removal. Accordingly, an award of attorneys' fees is appropriate in the present case.

Plaintiff seeks $3,600.00 for the costs and fees that have been incurred as a result of the improper removal. In support of this request, plaintiff provides the declaration of Erica L. Brachfeld, who states she spent two hours researching and five hours drafting the motion to remand. Ms Brachfeld also references five hours attending and traveling to and from a hearing on October 13, 2010. The Court notes that on July 26, 2010, the magistrate judge issued an order to show cause based on both parties' failure to attend an early neutral evaluation conference. Also referenced in the magistrate judge's minute entry was whether removal was proper in this case. Because the October 13, 2010 hearing was primarily directed to the parties' failure to appear at the early neutral evaluation conference, the Court will not award attorneys' fees for plaintiff's attendance and travel to the hearing.

Ms Brachfeld has been practicing law for approximately 15 years and her hourly rate is $300.00. Defendant does not address the issue of attorneys' fees in any manner.

The Court finds that seven hours for researching and drafting plaintiff's motion for remand is reasonable as is the hourly rate of $300.00. Accordingly, the Court awards attorneys' fees to plaintiff from defendant in the amount of $2,100.00.

/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, **IT IS ORDERED**:

1. Plaintiff's motion for remand is **GRANTED**. The Clerk of the Court is directed to promptly return this action to the Superior Court of California, County of San Diego.

2. Plaintiff's request for attorneys' fees in the amount of $2,100.00 is **GRANTED**.

**IT IS SO ORDERED.**

DATED: December 2, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL